# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-562-01 |
| MONICA GONZALEZ | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant, Monica Gonzalez, has been charged in an Indictment with perpetrating hoax anthrax and bomb scares, in violation of 18 U.S.C. § 1033(a). These offenses arise from the defendant's writing and strategically placing a United Parcel Service package containing a white colored powder and a note at her place of employment, Wells Fargo Auto Finance, Inc., 2501 Seaport Drive, Chester, Pennsylvania (Wells Fargo). The note accompanying the white powder stated that the package may contain anthrax, and that the premises should be immediately evacuated. In addition, the defendant is charged with leaving notes stating that a bomb was or would be arriving at Wells Fargo on four separate occasions.

I.  BACKGROUND

On February 2, 2009, the defendant pled guilty to Counts' One through Five of the indictment with threatening to commit violent crimes involving explosives and anthrax using false information and hoaxes, in violation of 18 U.S.C. § 1038(a).

II.     SENTENCING CALCULATION.

   A.     Statutory Maximum Sentence.

   The maximum sentence that may be imposed on the defendant is 5 years. This charge also carries with it a maximum fine of $250,000, a three year term of supervised release, and a $100 mandatory special assessment.

   The defendant's maximum exposure on this indictment is 25 years imprisonment, a fine of $1,250,000, a three year term of supervised release, and a $500 mandatory special assessment.

   B.     Sentencing Guidelines Calculation.

   The Probation Office has correctly calculated the defendant's advisory guideline to be 10 to 16 months imprisonment (total offense level 12 with a criminal history category of I).

III.    ANALYSIS.

   A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is one within the advisory guideline range of 10 to 16 months imprisonment.[1]

   The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

   This Court must also consider all of the sentencing considerations set forth in

---

[1] Since the defendant's final sentencing guideline range is in Zone C, this Court may impose a sentence within the applicable range which includes community confinement or home detention as a condition of supervise release. PSR, paragraph 72.

Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Consideration of the 3553(a) Factors.

The defendant engaged in a serious offense by making repeated hoax threats at her place of employment. The need to impose just punishment for these offenses and to generally deter this type of conduct is strong.

The government is unaware in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). Also, restitution is not an issue in this case. § 3553(a)(7).

At the same time, the defendant has not to this point set forth any persuasive argument for leniency, particularly in light of the relatively low sentencing guideline exposure she faces.

IV. CONCLUSION

Therefore, in sum, all of the appropriate considerations of sentencing favor the

imposition in this case of a within-guideline sentence.

                                              Respectfully submitted,

                                              LAURIE MAGID
                                              United States Attorney

                                              _____
                                              JOEL D. GOLDSTEIN
                                              Assistant United States Attorney

CERTIFICATE OF SERVICE

           I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum has been sent, by first class mail, postage prepaid, to the following:

ROSSMAN THOMPSON, ESQ.
Defender Association of Philadelphia
Federal Court Division
The Curtis Center Building
601 Walnut Street
Suite 540 West
Independence Square West
Philadelphia, PA 19106

JOEL D. GOLDSTEIN
*Assistant United States Attorney*

Date: _____